UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONNIE JOHNS,

    Plaintiff,                                     Case No. 1:07-cv-95

v                                                  HON. JANET T. NEFF

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.
_____/

## **JUDGMENT**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation on February 21, 2008, recommending that this Court dismiss the action for lack of merit (Dkt 43). Plaintiff moved for an extension of time to file objections to the Report and Recommendation (Dkt 44), and his motion was denied (Dkt 47). No objections having been timely filed, the Court adopted the Report and Recommendation and dismissed the action on March 20, 2008[1] (Dkt 48). Plaintiff's objections were subsequently received on March 27, 2008 and rejected as untimely (Dkt 50). The matter is presently before the Court on Plaintiff's April 1, 2008 Motion to Alter or Amend Judgment (Dkt 51) and his May 22, 2008 Motion for Relief from Judgment (Dkt 61).

---

[1] The Order and Judgment Approving Magistrate Judge's Report and Recommendation was dated March 20, 2007; however, it was signed on March 20, 2008.

In both motions, Plaintiff explains that he timely filed objections to the Magistrate Judge's Report and Recommendation, along with an Affidavit of Service, by handing the documents to prison officials for mailing on March 6, 2008. *See* 28 U.S.C. § 636(b)(1). Plaintiff attaches an Affidavit signed by Assistant Resident Unit Supervisor Kimberly Mosca stating that she did not mail Plaintiff's "legal documents" until March 19, 2008 (Dkts 56 & 62).

Plaintiff's documents are deemed filed at the moment of delivery to prison authorities for forwarding to the district court. *See Houston v. Lack,* 487 U.S. 266, 266 (1988). Therefore, this Court grants Plaintiff's motions and vacates its March 20, 2008 order to consider the merits of Plaintiff's previously filed objections to the Report and Recommendation.

In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which Plaintiff has made objections.

First, Plaintiff argues that the Magistrate Judge erred in determining that Plaintiff's access-to-courts claim should be denied. Plaintiff states that non-UCC material was confiscated from him, preventing him from challenging his criminal conviction. The Magistrate Judge correctly opined that Plaintiff did not set forth a specific claim as to how the confiscation of the materials prejudiced his criminal conviction appeal. Plaintiff's trial transcripts were returned to him, and the only materials that were seized were those considered a security threat. Plaintiff also argues that his civil rights and RICO complaints were confiscated and destroyed, denying him access to the Courts. Again, Plaintiff failed to set forth any actual injury.

Second, Plaintiff objects to the Magistrate Judge's determination that Plaintiff's due process rights were not violated. Plaintiff argues that he amended his complaint to allege substantive rather

2

than procedural due process. Plaintiff's substantive due process claim is based upon his disagreement with Michigan Department of Corrections Policy Directive ("MDOC") 05.03.118 prohibiting prisoners from possessing UCC materials that could potentially be used to threaten or harass individuals. The Magistrate Judge properly concluded that there is a valid, rational connection between the MDOC mail policy prohibiting Plaintiff from possessing certain UCC materials and a legitimate penological interest.

Third, Plaintiff objects to the Magistrate Judge's determination that Plaintiff's retaliation claim is not supported by the facts. Plaintiff argues that Defendants retaliated against him for "exercising his right to file suit and challenge the MDOC's policy on UCC prohibition" by destroying his civil rights complaint (Dkt 43 at 8). The Magistrate Judge accurately observed that Plaintiff did not present sufficient facts to support his retaliation claim.

Plaintiff's fourth objection asserts that because the Magistrate Judge erroneously determined that Defendants are entitled to qualified immunity, the Magistrate Judge incorrectly determined that Plaintiff's claim for damages should be dismissed. The Magistrate Judge correctly determined that Plaintiff has no constitutional right to possess UCC materials. Therefore, Defendants had no reason to believe that their actions violated Plaintiff's rights. Because Defendants are entitled to qualified immunity, the Magistrate Judge correctly concluded that Plaintiff's claim for damages should be dismissed.

Fifth, Plaintiff argues that the Magistrate Judge was incorrect in denying Plaintiff's motion for preliminary injunction to prevent prison officials from confiscating his UCC materials. After a thorough examination of the four factors necessary to grant a preliminary injunction, the Magistrate Judge properly denied the injunction opining that the Plaintiff did not have a substantial

likelihood of success on the merits of his claim, he did not suffer irreparable harm, there is no federal right granting prisoners possession of UCC materials, and prison officials have a penological interest in preventing inmates from possessing UCC materials.

Plaintiff's sixth objection contends that the Magistrate Judge erred in denying as futile Plaintiff's motion for leave to supplement his complaint. The Magistrate Judge correctly denied the motion opining that a supplement must not add parties or claims reviving the cause of action.

In his final objection, Plaintiff simply disagrees with the Magistrate Judge's recommendation to grant Defendant's motion for summary judgment. Plaintiff's objection demonstrates his disagreement with the Magistrate Judge's conclusion, but Plaintiff's analysis does not reveal any error by the Magistrate Judge.

For these reasons and because Plaintiff is proceeding *in forma pauperis*, this Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Judgment would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**THEREFORE, IT IS ORDERED** that the Motion to Alter or Amend Judgment (Dkt 51) and Motion for Relief from Judgment (Dkt 61) are GRANTED and the Court's March 20, 2008 Order and Judgment Approving Magistrate Judge's Report and Recommendation (Dkt 48) is VACATED in order to consider the merits of Plaintiff's Objections to the Report and Recommendation.

**IT IS FURTHER ORDERED** that the Objections (Dkt 50) are DENIED and the Report and Recommendation of the Magistrate Judge (Dkt 43) is APPROVED and ADOPTED as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary Injunction (Dkt 19) is DENIED; Plaintiff's Motion to Amend Complaint (Dkt 30) is GRANTED; and Plaintiff's Motion for Leave to Supplement Complaint is DENIED.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Dkt 22) is GRANTED and this case is DISMISSED in its entirety.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the Judgment would not be taken in good faith.


Date: October 20, 2008                              /s/ Janet T. Neff
                                                    JANET T. NEFF
                                                    United States District Judge